IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MICHELE BELANGER,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Case No. 6:07-cv-01727-AA
**OPINION AND ORDER**

AIKEN, Judge:

Plaintiff Michele Belanger seeks attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant, Acting Commissioner of Social Security Nancy Berryhill, opposes plaintiff's motion for fees on the basis that the government's position was substantially justified. For the reasons set forth below, plaintiff's motion for costs is granted but her motion for fees is denied.

## BACKGROUND

Plaintiff initially applied for Title XVI supplemental security income ("SSI") in 1998. A long and complicated procedural history followed, involving four administrative hearings, two

Appeals Council remands, and a remand directed by this Court. On September 21, 2012, the ALJ issued a fourth written decision finding plaintiff not disabled. On appeal, I found no harmful error[1] and affirmed. *Belanger v. Colvin*, 2014 WL 1400205, *11 (D. Or. Apr. 7, 2014). On March 29, 2017, the Ninth Circuit reversed and remanded for further proceedings. *Belanger v. Berryhill*, — F. App'x —, 2017 WL 1164401 (9th Cir. Mar. 29, 2017) (unpublished).

All three judges on the appellate panel agreed that the ALJ harmfully erred with respect to the opinion of vocational expert David Hitt. *Id.* at *3. Judges Fisher and Friedland further held that the ALJ had erroneously rejected the opinions of two of plaintiff's treating physicians. *Id.* at *2–*3. Concurring in the judgment, Judge O'Scannlain parted ways with the majority; he would have held that the ALJ properly discounted the treating physicians' opinions. *Id.* at *4 (O'Scannlain, J., concurring part and concurring in the judgment).

## STANDARD OF REVIEW

A party that prevails against the United States government in a civil action is entitled, under certain circumstances, to an award of attorney's fees under the EAJA. 28 U.S.C. § 2412. In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceeding for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

---

[1] In affirming, I found possible error in the ALJ's failure to individually summarize and address the testimony of one of plaintiff's ten lay witnesses. *Belanger*, 2014 WL 1400205 at *4. I concluded any error was harmless, however, because the ALJ "provided several clear and convincing reasons to reject plaintiff's subjective symptom statements" that were "equally applicable" to the testimony of the lay witness. *Id.* at *5.

Page 2 – OPINION AND ORDER

Thus, the EAJA establishes a two-part test for determining whether an award of attorney's fees is appropriate. The court must first ascertain if the plaintiff was a prevailing party; if so, the court must then evaluate whether the government was substantially justified in its position and whether special circumstances exist that would make an award of attorney's fees unjust. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995).

When seeking fees under the EAJA, the government has the burden to demonstrate that its position had "a reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). When the agency's decision is not supported by substantial evidence, that is a "strong indication" the government's position in the underlying agency action was not substantially justified." *Thangaraja v. Gonzalez*, 428 F.3d 870, 874 (9th Cir. 2005). It is the "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Id.* (citation and quotation marks omitted). However, "this circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees." *Campbell v. Colvin*, 736 F.3d 867, 869 (9th Cir. 2013) (emphasis in original). In each case, the court must "assess the justification of the Commissioner's position based on its reasonableness before the [remanding] court made its decision on the merits." *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017) (citations omitted). Because reasonableness is assessed from the government's perspective at the time it made its litigation decisions, it is appropriate to "consider the government's success in the *district court* as part of the EAJA analysis" when the case is reversed on appeal. *Meier v. Colvin*, 727 F.3d 867, 873 (9th Cir. 2013) (emphasis in original).

## DISCUSSION

It is undisputed that plaintiff was a prevailing party. The only remaining questions are whether the government's position was substantially justified and whether special circumstances would make a fee award in this case unjust. On the particular circumstances presented by this case, I find the government's position was substantially justified.

Importantly, the single rationale that united the three-judge panel rested on *Dale v. Colvin*, 823 F.3d 941, 945 (9th Cir. 2016). *Dale* was decided a year after the completion of briefing in plaintiff's Ninth Circuit appeal and more than two years after the completion of briefing in plaintiff's appeal to this Court. In *Dale*, the Ninth Circuit explained that it had not previously addressed "whether an ALJ may discount the *entire* medical opinion of an other source when the ALJ has divided the testimony into distinct parts and only *one of those parts* is inconsistent with objective evidence in the record." *Id.* (emphasis in original). The court went on to hold that the ALJ could *not* discount an opinion wholesale in that way. *Id.* Litigating plaintiff's appeal before *Dale* was decided, the government took the then-justified position that a non-medical source's opinion *could* be rejected on such grounds. Because *Dale* expressly settled an open question in this circuit in an opinion issued years after the government made its litigation decisions in this case, I find the government's position with respect to the vocational expert's opinion was substantially justified.

With respect to the ALJ's treatment of the two treating physicians' opinions, I also find the government's position substantially justified. As Judge O'Scannlain explained in dissent, the majority's identification of error with respect to those two opinions hinged on nuanced questions of how much deference is owed to an ALJ under the substantial evidence standard and how clearly an ALJ must connect the decision to discredit a claimant's symptom statements to the

decision to discredit a treating physician opinion based largely on those statements. *See Belanger*, 2017 WL 1164401 at *4 (O'Scannlain, J., concurring in part and concurring in the judgment). The government persuaded both a district court judge and an appellate court judge that its position regarding the treating physicians' opinions was not only justified, but correct. On the record presented here, that is sufficient to render the government's position substantially justified for the purposes of the EAJA. *Cf. Decker*, 856 F.3d at 665 (upholding the district court's denial of EAJA fees because the plaintiff's evidence, "though sufficient in the end to persuade the district court to remand the case, did not make that the only reasonable result").[2]

## CONCLUSION

Plaintiff's Motion and Memorandum for Award of Fees & Costs Pursuant to the Equal Access to Justice Act (doc. 77) is GRANTED IN PART and DENIED IN PART. Because the government's position was substantially justified, plaintiffs' motion for attorney's fees is denied. Plaintiff is, however, entitled to an award of $51.45 in costs pursuant to 28 U.S.C. § 2412(a)(1).

IT IS SO ORDERED.

Dated this 14 day of August 2017.

Ann Aiken
United States District Judge

---

[2] Because I find that the government's position was substantially justified, I need not address the government's alternative argument that a fee reduction is warranted because plaintiff did not provide the actual time one of her attorneys spent on her case.

Page 5 – OPINION AND ORDER